**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **JOHN RANDALL HOLSTEAD,** ***et al,*** | § | |
| ***Plaintiffs,*** | § | |
| | § | |
| **v.** | § | **PE:26-CV-00033-DC-DF** |
| | § | |
| **CONTINENTAL RESOURCES, INC.,** | § | |
| ***Defendant.*** | § | |

## U.S. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiffs John Randall Holstead, Thomas Scott Holstead, Jill Moses Holstead, Tim McCommon, William Drury Holstead, Jennifer Moses Heart, and Eva Jeanne Moses' ("Plaintiffs") Motion to Remand. (Doc. 8). The Motion presents one question: whether the forum-selection clause in the Parties' oil and gas lease waives Defendant Continental Resources, Inc.'s ("Continental") statutory right of removal. The undersigned concludes that it does and therefore **RECOMMENDS** that the Motion be **GRANTED** and that this case be **REMANDED** to the 143rd Judicial District Court of Reeves County, Texas.

### BACKGROUND

This is a breach of contract case involving allegations that Continental improperly deducted royalty payments owed to Plaintiffs. The dispute centers around an oil and gas lease ("the Lease") between the Parties. (Doc. 1-2 at 2). Under the heading "Jurisdiction," Paragraph 15 of the Lease provides:

> It is agreed that any suit, at law or in equity, shall be initiated in the court of the proper jurisdiction of the State of Texas and

> venue of all such actions shall lie exclusively in the county where the leased premises or any part thereof be located, with appeals to the appropriate appellate court of the State of Texas; and this Lease shall be construed and interpreted at all times in accordance with the laws of the State of Texas.

(Doc. 8-2 at 11).

Plaintiffs originally filed this suit in the 143rd Judicial District Court of Reeves County, Texas. (Doc. 8-1). Continental timely removed on the basis of diversity jurisdiction. (Doc. 1); *see* 28 U.S.C. § 1441(a).[1] Plaintiffs moved to remand, arguing that Continental consented to the exclusive jurisdiction of Texas state courts and thus waived its right to removal to federal court. (Doc. 8 at 4–5). Continental argues that Paragraph 15 is ambiguous and does not constitute a "clear and unequivocal" waiver of its statutory right to remove. (Doc. 10 at 1–2). Subject-matter jurisdiction is not contested. The only question is contractual waiver.

## LEGAL STANDARD

A defendant may contract away its statutory right of removal, but only in language that is "clear and unequivocal." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). A party may waive its right to remove by (1) saying so explicitly; (2) ceding the choice of venue to the other party; or (3) fixing an exclusive venue in the contract. *Id.* "[A]ny doubts about the proprietary of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). An

1. Section 1441(a) provides that a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

ambiguous clause does not waive the right to remove. *Grand View PV Solar Two, LLC v. Helix Elec., Inc./Helix Elec. of Nevada, L.L.C., J.V.*, 847 F.3d 255, 258 (5th Cir. 2017).

Texas law governs whether a contract is ambiguous. *Id.* A contract is ambiguous only if, when considered as a whole and in light of the circumstances of its formation, it reasonably bears more than one meaning. *Coker v. Coker*, 650 S.W.2d 391, 393–94 (Tex. 1983). Ambiguity is not manufactured by strained interpretations or imperfect drafting; the question is simply whether the contract, read as a whole, reasonably admits two meanings. *Id.*; *see also Piranha Partners v. Neuhoff*, 596 S.W.3d 740, 743–44 (Tex. 2020) ("That the parties interpret an agreement differently does not make it ambiguous; ambiguity exists only if both parties' interpretations are reasonable.").

## Discussion

Paragraph 15 speaks three times as to where the Parties must litigate. Any suit "shall be initiated in the court of proper jurisdiction of the State of Texas." (Doc. 8-2 at 11). Venue "shall lie exclusively in the county where the leased premises or any part thereof be located [*i.e.*, Reeves County, Texas]." *Id*. And appeals shall go "to the appropriate appellate court of the State of Texas." *Id*. A court does not read these clauses in isolation. It reads them together, giving effect to every provision of the Lease. *See Matter of First River Energy, L.L.C.*, 986 F.3d 914, 920 (5th Cir. 2021) ("Texas law . . . requires holistic construction of contract provisions and 'giving effect to all of the provisions of the contract so that none will be rendered meaningless.'" (quoting *Coker*, 650 S.W.2d at 393)).

Jurisdiction and venue pose different questions. Jurisdiction concerns the court's authority to adjudicate the dispute. *Ex parte McCardle*, 74 U.S. 506, 514 (1868); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Venue concerns the proper geographic location for its adjudication. 14D Charles Alan Wright, Arthur A. Miller, & Richard D. Freer, *Federal Practice and Procedure* § 3801 (4th ed. 2025). Paragraph 15 addresses each question separately. Its jurisdiction clause directs that suits be initiated in courts of the State of Texas and its venue clause fixes Reeves County. (Doc. 8-2 at 11). Read in conjunction with Paragraph 15's appellate clause, these clauses leave no room to doubt the fact that Texas state courts are the exclusive venue for disputes under the Lease; Continental has therefore waived its right to remove. *See City of New Orleans*, 376 F.3d at 506.

**I. The jurisdiction clause clearly refers to the courts of the State of Texas.**

The jurisdiction clause in Paragraph 15 speaks only to the Texas court system. A court "*of* the State of Texas" is a court that draws its authority from the State of Texas. *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) (per curiam). Federal courts sit in districts and divisions drawn by Congress under the authority of the United States. *See* U.S. CONST. art. III, § 1; 28 U.S.C. §§ 124, 132. A federal district court sitting in Texas is a court "in" Texas, but not "of" it. *Dixon,* 330 F.3d at 398 (finding clause designating "the Courts of Texas, U.S.A." meant state courts only because federal courts sitting in Texas are courts of the United States, not of Texas); *see also Grand View*, 847 F.3d at 257 (finding "the courts of Harris County in the State of Texas" clear waiver of right to remove). The

language in Paragraph 15 is likewise sovereign-specific and commits suits to the courts of the State of Texas.[2]

Continental's reading of Paragraph 15 focuses on the meaning of "initiated." (Doc. 10 at 2–4). It argues the plain language meaning requires nothing more than that "the suit [] must begin in state court,"—and because this suit began in state court, as the clause required, removal is proper. *Id.* at 4. In support, Continental cites *Huntington Copper Moody & Maguire v. Cypert*, No. 1:04-cv-751, 2005 WL 2290318 (S.D. Ohio Sept. 20, 2005), which held the phrase, "any legal action … commenced … shall be filed" in the state court was ambiguous and did not preclude removal. (Doc. 10 at 3). Continental contends that "commenced" as employed in that case and "initiated" as used here are synonymous—both ambiguous, neither precluding removal. (Doc. 10 at 3).

This reading cannot be squared with Texas law, under which "[c]ontract terms cannot be viewed in isolation," and courts must "consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless." *Pathfinder Oil & Gas, Inc. v. Great Western Drilling, Ltd.*, 574 S.W.3d 882, 889 (Tex. 2019). Continental zeros in on one word to the exclusion of the Parties' chosen jurisdictional forum and their chosen appellate path. The rules of construction require reading the whole. Continental reads a word.

2. *See Argyll Equities LLC v. Paolino*, 211 F. App'x 317, 318 (5th Cir. 2006) (unpublished) (finding an agreement consenting to exclusive jurisdiction of state courts to be mandatory; right to remove waived); *Profrac Holdings II, LLC v. Kuzov*, No. 4:24-CV-00531-P, 2024 WL 3581985, at *1–3 (N.D. Tex. July 30, 2024) (finding an agreement to "submit[] to the exclusive jurisdiction" of state courts to be mandatory; right to remove waived).

## II. Continental implicitly waived its right to removal.

Even on Continental's own terms, removal fails, and its narrow reading defeats itself. It reads Paragraph 15 to speak only to the moment of filing and argues that because the suit was initiated in Reeves County State Court, the clause was satisfied, and that nothing in Paragraph 15 addresses what must happen next. (Doc. 10 at 2–4). Under its reasoning, removal, coming after initiation, cannot offend a clause that governs initiation only. *See id*.

But removal does not continue the state court suit; it begins a new proceeding in a new forum. Removal "is more closely akin to original than to appellate jurisdiction, because once a case is removed, it is treated as if it commenced in federal court." *Dynamic CRM Recruiting Sols., L.L.C. v. UMA Educ., Inc.*, 31 F.4th 914, 921 (5th Cir. 2022) (quoting *Matter of Meyerland Co.*, 960 F.2d 512, 516 n.6 (5th Cir. 1992) (en banc)). The removal statutes say the same thing: they describe removal as one way of "instituting" a civil action, suit, or proceeding in federal court. *Id.* (citing 28 U.S.C. § 1914(a)). Removal does not transfer an existing proceeding; it initiates a new one, this time in federal court.

Paragraph 15 permits initiation in one place only: courts of the State of Texas. Removal is therefore the very act Paragraph 15 prohibits, as to remove is to initiate a suit in a court forbidden under the Lease. *See Dynamic*, 31 F.4th at 921 (adopting the reasoning that "the only possible construction of a clause requiring proceedings to be commenced" in a designated court "is that . . . removal constitutes the commencement of a 'proceeding' in federal court" (quoting *Karl Koch Erecting Co. v. N.Y. Convention Ctr. Dev. Corp.*, 838 F.2d

656, 659 (2d Cir. 1988))); *Meyerland*, 960 F.2d at 516 n.6 (observing that once removed, a case "is treated as if it had commenced in federal court").

That the waiver is implied makes it no less binding. A waiver of removal rights need not recite the words "waiver" or "removal." *Waters v. Browing-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001). It may be implicit where necessary to give effect to all contractual provisions. *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 445 (5th Cir. 2009). Paragraph 15's initiation requirement leads to one conclusion: the Parties bargained for the right to fix, irrevocably, where this suit could be filed and heard. *See Waters*, 252 F.3d at 797. This Court will not relieve Continental of the bargain it struck (or assumed) of having this case heard in the courts of the State of Texas.

**III. The appellate clause confirms the jurisdiction clause.**

The Lease's waiver of the right to remove to federal court is further demonstrated by Paragraph 15's appellate clause. Paragraph 15's appellate clause routes appeals to "the appropriate appellate court of the State of Texas." (Doc. 8-2 at 11). A suit filed in the district court of Reeves County ascends, if appealed, to the Eighth Court of Appeals in El Paso and then to the Supreme Court of Texas. TEX. GOV'T CODE ANN. §§ 22.201(i), 22.209(a) (West 2025). A suit removed to this Court would ascend instead to the Fifth Circuit—a court the Lease never mentions or contemplates. *See* 28 U.S.C. §§ 41, 1294(1) (appeals from a federal district court in Texas go to the Fifth Circuit). Continental's reading of Paragraph 15 would have the Parties mandate a state appellate path for a case left free to proceed in federal court, a construction that strips the appellate clause of effect.

Read as written, the clause describes a path that exists only in the state system, and it can be followed only if the case remains in Texas state court.

**IV. The venue clause is neutral, and neutrality is not ambiguity.**

Finally, Continental argues Paragraph 15's venue clause contributes to ambiguity. (Doc. 10 at 5). The clause provides that venue shall lie in Reeves County, but names no particular court. (Doc. 8-2 at 11). A clause fixing venue in a county, without naming a court, permits suit in any court—state or federal—physically located within that county. *Alliance Health Grp, LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399-400 (5th Cir. 2008); *see* 14D Wright & Miller, *Federal Practice and Procedure* § 3803.1. The Pecos Division courthouse of this District sits in the City of Pecos, in Reeves County, so the venue clause permits suit in either a state or federal forum. *See* 28 U.S.C. § 124(d)(6) ("Court for the Pecos Division shall be held at Pecos or Alpine."). But a clause that permits both forums favors neither. It contributes nothing toward waiver, and it injects no ambiguity into a jurisdiction clause that is already clear on its own terms. *See Waters*, 252 F.3d at 798 (finding no ambiguity where jurisdiction and venue clauses complement one another and clearly identify the parties chosen forum); *see also Lamar Cnty. Elec. Coop. Ass'n v. McInnis Bros. Constr., Inc.*, No. 21-40292, 2022 WL 476086, at *2 (5th Cir. Feb. 16, 2022) (per curium) (finding no ambiguity in the phrase, "[t]he Judicial Court in and for the County of the project location, State of Texas").

## V. Harmonizing the jurisdiction, venue, and appellate clauses points only to the courts of the State of Texas.

Reading the Lease as a whole, Paragraph 15's clauses fit together without friction. The jurisdiction clause selects the court system—the courts of the State of Texas—and the venue clause fixes the place within it—Reeves County. A suit initiated in the 143rd Judicial District Court of Reeves County satisfies both. That a federal courthouse also stands in Reeves County does not enlarge the jurisdiction clause or make it ambiguous.[3] Harmonization gives each provision full effect, and a state court suit honors them both. *Coker*, 650 S.W.2d at 393. A neutral term alongside a clear one leaves the clear one clear.

Texas law presumes that parties chose their words deliberately. *URI, Inc. v. Kleberg Cnty*, 543 S.W.3d 755, 763-64 (Tex. 2018). Giving effect to that presumption, courts interpret a contract by the words actually chosen and harmonize its provisions so that each has effect. *Coker,* 650 S.W.2d at 393. Here, the Parties fixed three things: suit shall be initiated in a court of the State of Texas; venue shall lie exclusively in Reeves County; and appeals shall go to the appropriate appellate court of the State of Texas. From first filing to final appeal, the Parties charted the case's full course through Texas state courts.

---

3. Although Continental does not cite it, the Court notes *Star Systems Int'l Ltd. v. Neology, Inc.*, No. 4:18-cv-00574-ALM, 2018 WL 6424703 (E.D. Tex. Dec. 5, 2018). The forum selection clause there provided only that litigation "shall be brought in a district court in Collin County, Texas"—a county home to both a federal and state district court—and the court, relying on *City of New Orleans*, 376 F.3d at 504, held that the clause was not a clear and unequivocal waiver of the defendant's statutory right of removal: "even if venue is proper in Collin County state courts," the defendant remained free to remove. *Star Systems*, 2018 WL 6424703, at *6. By contrast, Paragraph 15 contains no such solitary term. Its venue clause sits between a jurisdiction clause committing suit to the courts of the State of Texas and an appellate clause routing appeals through the Texas appellate courts. In *Star Systems*, the venue clause was the whole agreement on forum; here, it is one of three, and the other two point unmistakenly to state court.

## RECOMMENDATION

The Lease fixes an exclusive venue in the state courts of Reeves County, and the waiver is clear and unequivocal. *City of New Orleans*, 376 F.3d at 504. Removal delivered this case to the right county but the wrong sovereign. The undersigned therefore **RECOMMENDS** that Plaintiffs' Motion to Remand (Doc. 8) be **GRANTED** and that this case be remanded to the 143rd Judicial District Court of Reeves County, Texas.

SIGNED this 10th day of August, 2026.

DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND RIGHT TO OBJECT**

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation **by certified mail, return receipt requested**. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).